IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROGER TAPIA,<br><br>       Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>       Defendant. | Case No. 3:09-cv-0110-RRB<br><br>**<u>ORDER AFFIRMING DECISION</u>** |

**I.    INTRODUCTION**

Tapia has filed a Motion for Award of Benefits at Docket 18, which the Government opposes at Docket 23.  The Government further asks the Court to affirm the Commissioner's final decision that Tapia was not disabled.  Tapia files his reply at Docket 26.  For the reasons stated herein, the Court denies Tapia's motion and affirms the Commissioner's final decision.

**II.    BACKGROUND**

This dispute arises from the Commissioner's denial of Tapia's application for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  Tapia

ORDER AFFIRMING FINAL DECISION - 1
3:09-CV-0110-RRB

protectively applied for DIB on October 14, 2005, and SSI on November 9, 2005, stating that he was disabled due to degenerative disc disease, bad knees, anxiety disorder, and shin splints when driving.[1]

The administrative record is largely composed of Veteran's Administration ("VA") medical records. The VA evaluated Tapia at 40% service-related disability due to his back pain.[2] The records indicate prolonged periods of back and knee pain, which resulted in anxiety and pain disorders.[3] Social phobias are also indicated in the VA records.[4]

Tapia's application was denied and an administrative law judge ("ALJ") heard his appeal on April 9, 2007.[5] On April 18, 2008, the ALJ issued a decision denying Tapia's claims, which became the final decision of the Commissioner when the Appeals Council denied a request for review.[6] Tapia then brought suit in this Court, alleging that the ALJ's decision should be reversed because the ALJ improperly discounted Tapia's testimony from the hearing, the ALJ

---

[1]   AR 14, 38, 59-63, 566-568.

[2]   AR 30-36.

[3]   AR 173, 323-378, 206.

[4]   AR 543.

[5]   AR 51-56, 570-575, 646.

[6]   AR 11-29, 5; 20 C.F.R. §§ 404.981, 422.210.

ORDER AFFIRMING FINAL DECISION - 2
3:09-CV-0110-RRB

improperly considered the VA's 40% disability rating, and the ALJ improperly evaluated Tapia's mental impairments.[7]

**III. STANDARD OF REVIEW**

The Social Security Act provides for payment of disability insurance benefits to people who have contributed to the Social Security program and who suffer from a physical or mental disability.[8] "Where, as here, the Appeals Council denies a request for review of an ALJ's decision, the decision of the ALJ represents the final decision of the Commissioner."[9] After a final decision of the Commissioner, the claimant may seek judicial review by the district court.[10] On de novo review, the district court may enter, upon the pleadings and a transcript of the record, a judgment affirming, modifying, or reversing the ALJ's decision.[11] The

---

[7] Plaintiff's Brief. Tapia also alleged that the ALJ was required to evaluate a 2005 note from Nurse Albert Lee, but has withdrawn this allegation in Reply.

[8] 42 U.S.C. § 423(a)(1). For purposes of the Social Security Act, a "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected...to last for a continuous period of not less than 12 months."

[9] *Baston v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193 n.1 (9th Cir. 2004) (citing 20 C.F.R. §404.981).

[10] 42 U.S.C. §405(g).

[11] 42 U.S.C. §405(g).

district court must uphold the ALJ's decision if it is supported by substantial evidence and the ALJ has applied the correct legal standards.[12] When evidence supports either confirming or reversing the ALJ's decision, the reviewing court may not substitute its own judgment for that of the ALJ.[13]

**IV. DISCUSSION**

   **A. There Was No Reversible Error in Mental Impairment Findings.**

Tapia argues that the ALJ improperly found his depression, anxiety disorder, and chronic pain disorder "not severe" at Step 2 of the inquiry.[14] At Step 2, the SSA assesses whether the impairment is "severe": whether the impairment (or combination of impairments) significantly limits basic work activities.[15] If a claimant has no alleged impairments that are sufficiently severe so as to preclude work, the claimant is not disabled. Although the Commissioner acknowledges that the ALJ should have found Tapia's mental impairments severe, he argues, and the court agrees, that

---

[12] *Howard v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2001). See also *Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir. 1992) (citing *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990)).

[13] *Batson*, 359 F.3d at 1196.

[14] The ALJ found Tapia's physical impairments severe.

[15] 20 C.F.R. § 404.1520(c).

this error is not cause for a remand because the ALJ correctly evaluated Tapia's residual functional capacity at Steps 4 and 5.

Standing alone, an impairment that is not severe may not significantly limit basic work activities, but when considered with limitations due to other impairments, it may be critical to the outcome of a claim.[16] Thus, in assessing RFC, the ALJ must consider limitations and restrictions imposed by all of the individual's impairments, even those that are not "severe." Thus, the ALJ here *did* consider Tapia's mental impairments when evaluating RFC. When the ALJ properly considers the way all the alleged limitations affect a claimant's RFC, there is no reversible error.[17] Therefore, if the ALJ considered Tapia's mental limitations *correctly* in the RFC determination, there was no reversible error in the decision.

The ALJ's RFC determination at Step 5 was proper, because it was supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as

---

[16] Social Security Ruling 96-8p (1996).

[17] *Burch v. Barnhart*, 400 F.3d 676 (9th Cir. 2005).

adequate to support a conclusion."[18]  Such evidence must be "more than a mere scintilla," but also "less than a preponderance."[19]

The ALJ gave great weight to the opinions of examining psychiatrist William Campbell, M.D., and VA physician Paul Michels, M.D.[20]  Dr. Michels diagnosed mild impairment to Tapia's concentration and focus, fair persistence and pace, and mild impairment interacting with others, due to depression and anxiety.[21]  Dr. Campbell diagnosed social phobia, mood disorder, chronic pain disorder, personality disorder with dependent and passive-aggressive features, and complaints of anxiety, depression, decreased initiative, chronic fatigue, and chronic pain.[22]  The ALJ properly addressed "anxiety disorder," based on Dr. Campbell's diagnosis of "social phobia."[23]  The ALJ's finding was also consistent with Dr. Michel's opinion that Tapia's impairments would only mildly limit interaction with others.[24]  The ALJ also

---

[18]  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

[19]  *Richardson*, 402 U.S. at 401; *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n.10 (9th Cir. 1975).

[20]  AR 27.

[21]  AR 206.

[22]  AR 543.

[23]  AR 25-26, 543.

[24]  AR 206.

ORDER AFFIRMING FINAL DECISION - 6
3:09-CV-0110-RRB

contrasted Tapia's testimony with Tapia's high college GPA and good performance on mental examinations.[25] Citing these sources, the ALJ found that Tapia had slight to moderate pain, slight limitation in his ability to do simple, routine, repetitive tasks, slight limitations of concentration and attention, and slight limitations with respect to understanding and memory.[26] This finding is supported by evidence cited in the record.

The plaintiff's specific challenges to the finding are unsupported. The ALJ's finding that Tapia was not limited in public interaction was supported by the record, because the ALJ properly relied on Dr. Michel's opinion evidence.[27] The ALJ properly discounted the opinion of Ron Feigin, M.D., a non-examining physician, by citing the conflicting opinion of Dr. Michels, upon which he greatly relied.[28] The fact that the ALJ failed to specifically name and evaluate personality disorder was not in error because the ALJ considered Tapia's *limitations* resulting from any personality disorder which Dr. Campbell had diagnosed. Personality disorder is "a category of mental disorders

---

[25] AR 24-27.

[26] AR 18.

[27] AR 206.

[28] AR 213, 218-220, 27; *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

ORDER AFFIRMING FINAL DECISION - 7
3:09-CV-0110-RRB

Case 3:09-cv-00110-RRB   Document 27   Filed 04/28/10   Page 7 of 15

characterized by inflexible and maladaptive personality traits."[29] Because the ALJ's decision fully reflected the limitations stemming from Tapia's maladaptive personality traits, the ALJ fully considered this part of the record. At most, any error was harmless due to the overwhelming evidence supporting the ALJ's ultimate conclusion.[30]

Because the ALJ correctly evaluated Tapia's RFC limitations, there was no error in his ultimate findings regarding Tapia's mental limitations.

**B. The ALJ Gave Clear and Convincing Reasons for Discrediting Tapia's Subjective Pain Testimony.**

When deciding whether to accept subjective symptom testimony from a claimant the ALJ performs a two-step analysis.[31] Here, Tapia provided adequate objective medical evidence at the first step and there is no indication of malingering in the second step. Thus, the question is whether the ALJ stated clear and convincing reasons for rejecting Tapia's testimony.[32]

---

[29] Dorland's Illustrated Medical Dictionary, 28th ed.

[30] *See Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir.1990) (applying the harmless error standard); *Booz v. Sec'y of Health and Human Serv.*, 734 F.2d 1378, 1380 (9th Cir.1984) (same).

[31] *Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996).

[32] Soc. Sec. Ruling 96-7p, 1996 WL 374186, at *2 (July 2, 1996)(The "decision must contain specific reasons for the finding
(continued...)

Case 3:09-cv-00110-RRB   Document 27   Filed 04/28/10   Page 8 of 15

The ALJ must provide "specific, cogent reason[s] for the disbelief" to reject a claimant's subjective complaints.[33] There must be specific findings "stat[ing] which pain testimony is not credible and what evidence suggests the complaints are not credible."[34] In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains.[35]

Tapia testified that he could not work because he suffered from back and knee pain, anxiety and depression, high blood pressure, cholesterol, and type-II diabetes.[36] He testified that the pain was continuous, and endorsed all the adjectives the ALJ

---

(...continued)
on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear... the weight the adjudicator gave to the individual's statements and the reasons for that weight").

[33] *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).

[34] *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

[35] *Light*, 119 F.3d at 792.

[36] AR 667.

ORDER AFFIRMING FINAL DECISION - 9
3:09-CV-0110-RRB

offered to describe it.[37]  He stated that he could only walk one
block, sit or stand for twenty minutes at a time, and that he could
only put his shoes on once per week.[38]  The ALJ stated the following
reasons for discrediting this testimony: (1) Tapia received only
conservative pain treatment; (2) Tapia's self-reported activities
of daily living were inconsistent with the alleged severity of his
symptoms; and (3) Tapia's credibility was undermined by
inconsistencies noted by physicians in the record.[39]

Regarding the ALJ's rationale of conservative treatment,
Tapia's pain treatment consisted of physical therapy, which Tapia
discontinued, and occasional steroid injections.[40]  The Court is
persuaded that the ALJ correctly determined that this treatment is
conservative in light of Tapia's testimony that he suffered
continuous, moderate pain which made walking upstairs and dressing

---

[37] AR 668 ("Q: Is it sharp, dull, burning, throbbing, shooting, stabbing, numbness, tingling, achy, what? / A: All of the above.").

[38] AR 665.

[39] AR 27.  Commissioner also argues that the medical evidence did not support the degree of pain alleged, but the decision says "[t]he medical record does not substantiate any significant *medication side effects* to the extent he alleges." (Emphasis added).

[40] AR 292, 479-485.

ORDER AFFIRMING FINAL DECISION - 10
3:09-CV-0110-RRB

more difficult.[41] Supporting his second reason, the ALJ cited the record where Tapia reported lifting weights, attending school, and hiking, all of which are activities of daily living that are inconsistent with Tapia's pain testimony.[42] The Plaintiff's argument that Tapia may not have regularly lifted weights since November, 2004, or that he was only a full-time student in 2002 is belied by the record.[43] The record shows that Tapia continued working out, hiking, and attending school up through the alleged date of disability in May of 2004.[44] Contemporaneous statements indicate that Tapia left school in order to qualify for disability, applying a few days later.[45] Supporting the third reason, the ALJ noted Tapia's use of a cane, and that several medical sources indicate inconsistent use or ambulation without using it.[46] This rationale is not entirely unassailable, but the Court declines to consider it at this time.

---

[41] AR 668, 670.

[42] AR 27, 668.

[43] Plaintiff's Memorandum at 20.

[44] AR 659-661, 304, 608, 102-104, 304, 566.

[45] AR 566-568, 589-590 ("dropped out of school because he was told in order to qualify for disability he could not be attending college.")

[46] AR 154, 416, 274.

ORDER AFFIRMING FINAL DECISION - 11
3:09-CV-0110-RRB

Questions of credibility are left to the ALJ to resolve.[47]
Courts should not "second-guess" credibility determinations.[48] If
the evidence is conflicting and could be rationally interpreted
more than one way, the court "must uphold the decision of the
ALJ."[49] Where the ALJ's credibility assessment is supported by
substantial evidence, it will not be disturbed even where some of
the reasons for discrediting a claimant's testimony are properly
discounted.[50] Here, substantial evidence supports the ALJ's
credibility assessment, and the court cannot reverse on this basis.

### C. The ALJ Correctly Considered the VA Disability Determination.

Tapia argues that the ALJ improperly failed to give great
weight to the VA disability evaluation. The Commissioner argues
that the ALJ rejected the VA's evaluation because it did not
consider objective medical evidence that was before the ALJ, but
the court finds nothing in the decision to support this contention.
The ALJ did consider the VA's evaluation, stating that Tapia had a
40% service-related impairment from back and leg pain, but

---

[47] *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (*citing Waters v. Gardner*, 452 F.2d 855, 858 n. 7 (9th Cir. 1971)).

[48] *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984).

[49] *Id*. at 579.

[50] *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

ultimately declined to give it great weight because it did not consistently reflect the medical evidence.[51]

The VA criteria for evaluating disability are very specific and translate easily into SSA's disability framework. Both programs have a detailed regulatory scheme that promotes consistency in adjudication of claims. Both are administered by the federal government and both share a common incentive to weed out meritless claims.[52]

Because the VA and SSA criteria for determining disability are not identical, the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record.[53] Here, the ALJ cited medical evidence indicating that the VA's evaluation contrasted with Tapia's full-time school attendance.[54] The VA's decision itself states that Tapia did not meet the criteria for 40% disability, but was only granted this rating because he had previously qualified

---

[51] AR 23-24, 30-36.

[52] *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

[53] *See Chambliss*, 269 F.3d at 522 (ALJ need not give great weight to a VA rating if he "adequately explain[s] the valid reasons for not doing so").

[54] AR 24.

ORDER AFFIRMING FINAL DECISION - 13
3:09-CV-0110-RRB

under the old criteria.[55]  The ALJ found that the VA's decision was not persuasive, and gave reasons that are specific, valid, and persuasive to this court.

The ALJ's rejection of the VA evaluation, even if improper, did not harm Tapia.[56]  If anything, proper consideration of the VA's evaluation would have hurt Tapia's claim.  Although a VA rating is not an employability determination, the low percentile rating combined with the explanation that Tapia did not actually qualify for that percentage, with additional evidence of improvement cited by the ALJ, would have injured Tapia's claim had it been given great weight.[57]

**V. CONCLUSION**

A decision of the Secretary to deny benefits will not be overturned unless it either is not supported by substantial evidence or is based upon legal error.  Here, the ALJ's decision to deny benefits is supported by substantial evidence.  This Court finds no legal error.

Based on the foregoing, it is hereby **ORDERED** that Tapia's Motion for Award of Benefits at **Docket 18** is **DENIED** and the final

---

[55] AR 33.

[56] *See Curry v. Sullivan*, 925 F.2d at 1131; *Booz*, 734 F.2d at 1380.

[57] AR 24, 33.

decision of the Social Security Administration is **AFFIRMED.**
Judgment shall enter for the Defendant.

ENTERED this 27th day of April, 2010.

					S/RALPH R. BEISTLINE
					UNITED STATES DISTRICT JUDGE